Susan E. Coleman, (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-295
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
GEO GROUP, INC. (Also erroneously sued herein as WESTERN REGION DETENTION FACILITY)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALARIE LAW,<br><br>Plaintiff,<br><br>v.<br><br>GEO GROUP, INC. a California business, and WESTERN REGION DETENTION FACILITY, a California business, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:12-cv-2089-JLS-BGS<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

COMES NOW Defendant GEO GROUP, INC., in response to plaintiff's Complaint,[1] filed on June 14, 2012, and admits, avers, and denies as follows:

**GENERAL ALLEGATIONS**

1. In response to paragraph 1 of plaintiff's Complaint, Defendant admits that plaintiff resides in the County of Los Angeles, in California. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

///

---

[1] Defendant removed this case based on diversity jurisdiction, and the Complaint is attached to defendant's Notice of Removal. (Doc. #1.)

2. In response to paragraph 2 of plaintiff's Complaint, Defendant denies that Western Region Detention Facility is a separate business entity, and asserts that it is a facility operated by the GEO GROUP, INC., a Florida Corporation. Defendant denies any remaining allegations for lack of information and belief.

3. In response to paragraph 3 of plaintiff's Complaint, Defendant admits that GEO GROUP, INC., does business in the State of California. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

4. In response to paragraph 4 of plaintiff's Complaint, Defendant lacks sufficient information to answer the allegations about LAUFENBURGER, who is not otherwise identified in the Complaint, and on that basis denies the allegations for lack of information and belief.

5. In response to paragraph 5 of plaintiff's Complaint, Defendant denies that it acted as the agent or employee of any other person, and denies that it ratified or authorized any improper actions. Defendant denies any remaining allegations for lack of information and belief.

6. In response to paragraph 6 of plaintiff's Complaint, Defendant admits that it operates the Western Region Detention Facility, but denies that it is the alter ego of any other entity. Defendant denies any remaining allegations for lack of information and belief.

7. In response to paragraph 7 of plaintiff's Complaint, Defendant admits that venue is proper in this Court since the incident occurred in San Diego County. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

///
///
///
///

**FACTUAL BACKGROUND**

8. In response to paragraph 8 of plaintiff's Complaint, Defendant admits that plaintiff is an individual and that she resides in the County of Los Angeles, in California. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

9. In response to paragraph 9 of plaintiff's Complaint, Defendant admits that it operates the Western Region Detention Facility in San Diego, California. Defendant denies that Western Region Detention Facility is a separate entity. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

10. In response to paragraph 10 of plaintiff's Complaint, Defendant admits that plaintiff was visiting an inmate on June 18, 2010. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

11. In response to paragraph 11 of plaintiff's Complaint, Defendant denies that there were no warning cones, signs, or other warnings that the floor had been mopped prior to the incident. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

**FIRST CAUSE OF ACTION:  NEGLIGENCE**

12. Defendant re-alleges and incorporates herein by reference the responses set forth above in paragraphs 1 to 11.

13. In response to paragraph 13 of plaintiff's Complaint, Defendant admits that it operates the Western Regional Detention Facility in San Diego, California. Defendant admits that plaintiff was lawfully on the property as a visitor of an inmate. Except as admitted herein, Defendant denies any remaining allegations for lack of information and belief.

14. In response to paragraph 14 of plaintiff's Complaint, Defendant denies that it negligently failed to maintain the floor of the facility in a safe

1 condition. Defendant denies that plaintiff was not warned of the recent mopping of
2 the floor. Defendant denies any remaining allegations for lack of information and
3 belief.

4     15. In response to paragraph 15 of plaintiff's Complaint, Defendant
5 denies that plaintiff fell as the result of any negligence on its part. Defendant
6 denies any remaining allegations for lack of information and belief.

7     16. In response to paragraphs 16 and 17 of plaintiff's Complaint,
8 Defendant denies that plaintiff was injured as a result of any of its actions or
9 inactions. Defendant denies any remaining allegations for lack of information and
10 belief.

## SECOND CAUSE OF ACTION: PREMISES LIABILITY

12     17. Defendant re-alleges and incorporates herein by references the
13 responses set forth above in paragraphs 1 to 16.

14     18. In response to paragraph 19 of plaintiff's Complaint, Defendant
15 admits it operates the Western Region Detention Facility in San Diego, and admits
16 plaintiff was lawfully on the premises to visit an inmate. Except as admitted herein,
17 Defendant denies any remaining allegations for lack of information and belief.

18     19. In response to paragraph 20 of plaintiff's Complaint, Defendant
19 denies that it created unreasonably dangerous conditions on the floor of the facility.
20 Defendant denies any remaining allegations for lack of information and belief.

21     20. In response to paragraphs 21 and 22 of plaintiff's Complaint,
22 Defendant denies that plaintiff was injured as a result of defendant's actions or
23 inactions. Defendant denies any remaining allegations for lack of information and
24 belief.

25     21. In response to paragraph 23 of plaintiff's Complaint, defendant denies
26 plaintiff is entitled to compensatory damages, special damages, lost wages, or any
27 other damages in any amount.
28 ///

# AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint also fails to state a claim against Defendant GEO GROUP, INC..

## SECOND AFFIRMATIVE DEFENSE

23. Plaintiff has suffered no actual injury due to Defendant's conduct.

## THIRD AFFIRMATIVE DEFENSE

24. Defendant did not breach any duty owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

25. The contributory negligence of plaintiff was a proximate cause in causing any injuries to her. Plaintiff's recovery against defendant should therefore be reduced in proportion to the amount of negligence attributable to plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

26. Defendant alleges that liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault. Civil Code, § 1431, et seq.

## SIXTH AFFIRMATIVE DEFENSE

27. Defendant was given no notice of any alleged dangerous condition at the facility in time to rectify any such alleged condition prior to the alleged injuries of the plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

28. Defendant had no actual or constructive knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused his injures.

## EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaged therein

1    thereby assumed the risks and hazards thereof.

## NINTH AFFIRMATIVE DEFENSE

30. At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with all applicable federal and state laws. Defendant therefore asserts its qualified immunity from liability.

## TENTH AFFIRMATIVE DEFENSE

31. Any and all happenings, events, damages and injuries, if any, referred to in the Complaint were proximately caused and contributed by Plaintiff's own conduct in that she failed to exercise ordinary care at the alleged times and places.

## ELEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's own conduct estops her from claiming the damages alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

33. Plaintiff failed to mitigate her own damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

34. The causes of action herein are subject to the statutory limitation of Civil Code section 1431, et seq., relating to joint and several liability for economic and non-economic damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

35. Should Plaintiff recover damages against Defendant, Defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

## FIFTEENTH AFFIRMATIVE DEFENSE

36. These answering Defendant alleges by way of a plea of comparative negligence that Plaintiff and other parties were negligent in and about the matters

1  and activities alleged in the Complaint, that said negligence contributed to and was
2  a proximate cause of the alleged injuries and damages, if any, and that if Plaintiff
3  and/or other parties are found to have been negligent, and if the Plaintiff is entitled
4  to recover damages against the answering Defendant by virtue of the Complaint,
5  this Defendant prays that said recovery be diminished by reason of the negligence
6  of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

8  37.  At all relevant times, Defendant acted independently and not in
9  association or concert with or as agent or servant of any other Defendant, including
10  any sued herein under fictitious names, or of the employees or agents of defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

12  38.  In so far as Defendant delegated any duty to any subordinate, such
13  delegation was at all times done in good faith, and with due care.  Defendant
14  therefore is not liable for any act or omission of any subordinate.

### EIGHTEENTH AFFIRMATIVE DEFENSE

16  39.  Under Government Code section 985, any judgment entered herein
17  may be reduced for collateral source payments paid or obligated to be paid for
18  services or benefits that were provided prior to commencement of trial.

### NINETEENTH AFFIRMATIVE DEFENSE

20  40.  Plaintiff's claims are barred by all applicable statute of limitations,
21  including but not limited to the state statute of limitations for personal injury
22  actions. (Cal. Code Civ. P. §§ 335.1. and 352.1.)

### TWENTIETH AFFIRMATIVE DEFENSE

24  41.  Because the Complaint is couched in conclusory terms, answering
25  Defendant cannot fully anticipate all affirmative defenses that may be applicable to
26  this action.  Accordingly, the right to assert additional affirmative defenses, if and
27  to the extent that such affirmative defenses are applicable, is hereby reserved.
28  ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-4726-5296 v1

- 7 -

3:12-CV-2089-JLS-BGS
DEFT GEO'S ANSWER TO COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial before a jury on all issues presented by Plaintiff's Complaint triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, defendant prays as follows:

1. That plaintiff take nothing by this action;
2. That defendant be awarded attorneys' fees and costs of this suit; and
3. That defendant be awarded such other relief as the court deems just.

Dated: August 30, 2012

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
 Susan E. Coleman

Attorneys for Defendant
GEO GROUP, INC. (Also erroneously sued herein as WESTERN REGION DETENTION FACILITY)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4825-4726-5296 v1

- 8 -

3:12-CV-2089-JLS-BGS
DEFT GEO'S ANSWER TO COMPLAINT